**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EARLAND COLLINS,

Plaintiff,

v.

FRANK MURPHY HALL OF JUSTICE, et. al.,

Defendants,
_________________________________/

Civil Action No. 2:09-12315
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT

**OPINION AND ORDER OF SUMMARY DISMISSAL**

## I. INTRODUCTION

Before the Court is Plaintiff Earland Collins' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Oaks Correctional Facility in Manistee, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

## II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245,

1249 (E.D. Mich. 1995).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

## III. COMPLAINT

The complaint alleges that plaintiff attempted to file a post-conviction motion with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* on October 8, 2007. Plaintiff does not specify the criminal conviction that he was attacking in this post-conviction motion, nor does he allege what grounds for relief were raised in the motion. Plaintiff sent several letters to the clerk of the court or to other court personnel inquiring about the status of his post-conviction motion. Plaintiff claims that he was informed that Judge Annette Berry, one of the defendants in this case, had never received a copy of his motion. Plaintiff was

also informed by one of Judge Berry's employees that he had checked the Wayne County Circuit Court register of actions, but there was nothing to indicate that plaintiff had filed his post-conviction motion with the court. Plaintiff claims that the court has never ruled on his post-conviction motion.

Plaintiff alleges that the defendants have intentionally lost his post-conviction motion because of their animosity towards him. Plaintiff claims that the defendant's actions have deprived him of his right of access to the courts. Plaintiff seeks monetary damages and declaratory relief.

## IV. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

States have no obligation to provide a system of post-conviction relief to criminal defendants. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). Plaintiff's claim under § 1983 that he was deprived of access to the courts by the actions of the state trial judge and court clerk during state post-conviction proceedings must fail, because any defects in state post-conviction procedures would not constitute grounds for relief in federal court. *See e.g. Soliz v. Hassett,* 71 Fed. Appx. 331, 332 (5th Cir. 2003); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887 (E.D. Mich. 2001)(State supreme court clerk's refusal to accept postconviction relief movant's untimely application for leave to appeal from state appellate court's denial of his petition to appeal from denial of his postconviction relief motion did not deny movant his due process or equal protection rights).

The Due Process Clause of the federal constitution "does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction." *Abdullah v. Hedrick,* 392 F. 3d 957, 963 (8th Cir. 2004); *See also United States v. Rivera,* 376 F. 3d 86, 92 (2nd Cir. 2004)("A defendant has no due process right to continue to challenge his conviction in perpetuity"). A state may curtail or even abolish collateral review as it pleases, without violating the federal constitution. *See Liegakos v. Cooke*, 106 F. 3d 1381, 1385 (7th Cir. 1997).

Plaintiff's claim fails for another reason. To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent. *See Wojnicz v. Davis,* 80 Fed. Appx. 382, 384 (6th Cir. 2003); *Garrison v. Corr,* 26 Fed. Appx. 410, 411 (6th Cir. 2001).

In the present case, plaintiff's allegations, at best, establish merely that the defendants may have negligently misplaced his post-conviction motion. Except for plaintiff's "empty allegations", plaintiff has presented no evidence that the defendants acted deliberately or maliciously in possibly misplacing his post-conviction motion. *See Kampfer v. Vonderheide,* 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002). Conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim. *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). Plaintiff's complaint is therefore subject to dismissal.

Plaintiff's lawsuit is also subject to dismissal because plaintiff has failed to indicate the claims that he sought to raise in his post-conviction motion for relief

from judgment. In order to state a claim for denial of meaningful access to the courts, a prisoner must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996); *See also Boswell v. Mayer*, 169 F. 3d 384, 387 (6th Cir. 1999). Plaintiff's claim of actual prejudice in this case is entirely conclusory, because he has failed to to allege the exact nature of the claims that he sought to present to the Michigan courts in his 6.500 motion for relief from judgment. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 648 (E.D. Mich. 2004). Without any information on the validity of the motion for relief from judgment, plaintiff has failed to show an actual injury to sustain a cause of action for a violation of his right to access of the courts. *Id.*

Finally, because plaintiff's complaint against these defendants lacked any arguable basis in the law, this Court certifies that any appeal by the plaintiff of the claims raised against these defendants would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)); *See also Goodell v. Anthony,* 157 F. Supp. 2d 796, 802 (E.D. Mich. 2001). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon these defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V. ORDER

IT IS HEREBY ORDERED that Plaintiff's Complaint is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

**s/Nancy G. Edmunds**
**Nancy G. Edmunds**
**United States District Judge**

**Dated: June 22, 2009**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2009, by electronic and/or ordinary mail.**

**s/Carol A. Hemeyer**
**Case Manager**